* This panel unanimously finds this case suitable for decision without oral argument. See

Petition for review GRANTED; REMANDED for further proceedings.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Miguel CERVANTES–CEJA, aka Catalan Cervantes–Cejio, Sergio Cervantes–Ceja, Sergio Roman Cervantes, Defendant–Appellant.

No. 03–10647.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2004.*

Decided Dec. 14, 2004.

Michelle Hamilton–Burns, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Raynette M. Logan, U.S. Attorney'S Office, Phoenix, AZ, Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

Fed. R.App. P. 34(a)(2).

MEMORANDUM [**]

Cervantes–Ceja appeals his conviction of entry and being found in the United States after having been deported in violation of 8 U.S.C. § 1326.

From the time he entered the United States from Mexico until he was apprehended thirty minutes later, Cervantes–Ceja was never within the "official restraint" of the authorities and was not "deprived of his liberty" or "prevented from going at large within the United States."[1] Unlike the alien in *Pacheco–Medina*,[2] but like the alien in *Hernandez–Herrera*,[3] Cervantes–Ceja was out of sight. It was not plain error for the district court not to define further the elements of § 1326 in the jury instructions,[4] and the district court properly denied Cervantes–Ceja's motion for acquittal.[5]

AFFIRMED.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. Hernandez–Herrera*, 273 F.3d 1213, 1218–19 (2001); *United States v. Pacheco–Medina*, 212 F.3d 1162, 1164 (9th Cir.2000).

2. *See Pacheco–Medina*, 212 F.3d at 1164–65.

3. *See Hernandez–Herrera*, 273 F.3d at 1219.

4. *See United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

5. *See United States v. Castellanos–Garcia*, 270 F.3d 773, 775–77 (9th Cir.2001).

